IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

G.G.,

  Plaintiff,

v.                                                           Case No. 4:15-cv-00054-RGD-TEM

GLOUCESTER COUNTY SCHOOL
BOARD,

  Defendant.

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR EXPEDITED BRIEFING AND ADVANCED HEARING ON ITS MOTION TO DISMISS

Defendant Gloucester County School Board ("School Board"), by counsel, moves this Court for an expedited briefing schedule on its Motion to Dismiss (ECF Doc. 31) and asks that its Motion to Dismiss be heard on July 20, 2015 at 2:30 p.m. in advance of Plaintiff's Motion for Preliminary Injunction (ECF Doc. 11) that is scheduled to be heard that day. The School Board states as follows in support of its Motion:

1.  Plaintiff filed a Complaint seeking a declaration that the School Board's "transgender restroom policy" violates the Equal Protection Clause of the Fourteenth Amendment and Title IX of the Education Amendments of 1972.

2.  Plaintiff alleges that he is a 16 year old transgender student at Gloucester High School in Gloucester County, Virginia. (Complaint ¶¶1, 9; ECF Doc. 8). Plaintiff was a female at birth, but is now living as a boy. *Id.* at ¶¶1, 14. Plaintiff desires to use the boys' restroom facilities at Gloucester High School. Plaintiff will not use the girls' restroom, although he is permitted to do so. *Id.* at ¶46. Three unisex, single-stall restrooms were constructed at

1

Gloucester High School that Plaintiff and any other student can use. Id. at ¶47. Plaintiff refuses to use the unisex, single-stall restrooms. *Id.* at ¶48.

3. Plaintiff has also filed a Motion for Preliminary Injunction (ECF Doc. 11), asking that Plaintiff be permitted to use the boys' restrooms at Gloucester High School when he returns to school for the first day of classes on September 8, 2015. A hearing has been scheduled for July 20, 2015 at 2:30 p.m. for Plaintiff's Motion for Preliminary Injunction.

4. The School Board has filed a Motion to Dismiss pursuant to Rule 12(b)(6) (ECF Doc. 31) and a Brief in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF Doc. 30). It is the School Board's contention that Plaintiff's claims fail as a matter of law.

5. In order for Plaintiff to prevail on the Motion for Preliminary Injunction, Plaintiff must demonstrate that (1) **Plaintiff is likely to succeed on the merits**, (2) Plaintiff is likely to suffer irreparable harm, (3) the balance of equities tips in Plaintiff's favor, and (4) the injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008) (emphasis added).

6. Because Plaintiff must demonstrate that he is likely to succeed on the merits in order to prevail on the Motion for Preliminary Injunction, Plaintiff necessarily must demonstrate that the Complaint can survive the School Board's Motion to Dismiss. Indeed, the very same legal issues raised in the School Board's Motion to Dismiss must be addressed in order for the Court to decide Plaintiff's Motion for Preliminary Injunction. Stated differently, if the School Board prevails on its Motion to Dismiss, Plaintiff's Motion for Preliminary Injunction will be moot.

7. Accordingly, it is in the interests of judicial efficiency and economy to have the School Board's Motion to Dismiss briefed in time to be heard on July 20, 2015 at 2:30 p.m. *before* Plaintiff's Motion for Preliminary Injunction is heard.

8. At present, Plaintiff's response to the School Board's Opposition to Plaintiff's Motion for Preliminary Injunction is due on Monday, July 13, 2015. This response will, of necessity, address the legal issues raised in the School Board's Motion to Dismiss. Thus, it is not an imposition on Plaintiff to respond to the Motion to Dismiss on an expedited basis. To that end, the School Board proposes that Plaintiff's reply to the Motion to Dismiss be filed on or before July 14, 2015 at 5:00 p.m. and that the School Board's rebuttal brief be filed on or before July 16, 2015 at 5:00 p.m.

WHEREFORE, for the foregoing reasons, Defendant Gloucester County School Board respectfully requests this Court to grant its motion and order an expedited briefing schedule on its Motion to Dismiss (ECF Doc. 31) as set forth herein and schedule the Motion to Dismiss to be heard in advance of Plaintiff's Motion for Preliminary Injunction on July 20, 2015 at 2:30 p.m.

**GLOUCESTER COUNTY SCHOOL BOARD**

By Counsel

/s/
David P. Corrigan
VSB No. 26341
Jeremy D. Capps
VSB No. 43909
M. Scott Fisher, Jr.
VSB No. 78485
Attorneys for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255

804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com

# **C E R T I F I C A T E**

     I hereby certify that on the 8th day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Rebecca K. Glenberg, Esq.
>Gail Deady, Esq.
>American Civil Liberties Union of Virginia Foundation, Inc.
>701 E. Franklin Street
>Suite 1412
>Richmond, VA 23219
>804-644-8080 - Phone
>804-649-2733 - Fax
>rglenberg@acluva.org
>gdeady@acluva.org
>Attorneys for Plaintiff
>
>Joshua A. Block, Esq.
>Leslie Cooper, Esq.
>American Civil Liberties Union (NY-NA)
>125 Broad Street, 18th Floor
>New York, NY 10004
>212-549-2500 - Phone
>212-549-2650 – Fax
>jblock@aclu.org
>lcooper@aclu.org
>Attorneys for Plaintiff (*Pro Hac Vice*)
>
>Clare Patricia Wuerker
>U.S. Attorney's Office (Norfolk)
>101 W. Main Street
>Suite 8000
>Norfolk, VA 23510
>(757) 441-6361 - Phone
>(757) 441-6689 – Fax
>clare.wuerker@usdoj.gov
>Attorney for the United States

/s/
David P. Corrigan
VSB No. 26341
Attorney for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com

5