IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| G.G., by his next friend and mother, DEIRDRE GRIMM, <br><br>Plaintiffs, <br><br>v. <br><br>GLOUCESTER COUNTY SCHOOL BOARD, <br><br>Defendant. | ) ) ) ) ) ) Civil No. 4:15cv54 ) ) ) ) ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXPEDITED BRIEFING AND ADVANCED HEARING ON ITS MOTION TO DISMISS**

Plaintiff opposes Defendant's Motion for Expedited Briefing and Advanced Hearing on its Motion to Dismiss for the following reasons:

1. Plaintiff's Motion for Preliminary Injunction is set for July 20, 2015 in order to give the Court ample time to rule on the motion before school starts in the fall. It is in both parties' interest to know what the rules will be with respect to bathroom use before the first day of school. There is no similar urgency for a ruling on the Motion to Dismiss.

2. Plaintiff is entitled to the full length of time afforded under Local Rule 7(F)(1) to respond to the Motion to Dismiss. The Motion to Dismiss is a dispositive motion that could result in a final judgment, and Plaintiff's response therefore requires as thorough treatment as possible.

3. There is no need for a motion to dismiss to be heard "in advance" of a previously filed motion for a preliminary injunction, which seeks interim relief to prevent irreparable harm. The two motions can and should be heard in the order they were submitted.

4.       Although the legal issues involved in the Motion for Preliminary Injunction and the Motion to Dismiss are closely related, they are not identical.  The Motion for Preliminary Injunction requires the Court to determine whether Plaintiff "(1) [is] likely to succeed on the merits; (2) [] will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in [his] favor; and (4) the injunction is in the public interest." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1735 (2015) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  By contrast, the Motion to Dismiss requires consideration of whether Plaintiff's complaint "'state[s] a claim to relief that is plausible on its face'"; that is, whether it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  Accordingly, Plaintiff's response to the Motion to Dismiss will involve more than simply cutting and pasting from his brief in support of his Motion for Preliminary Injunction.

For the foregoing reasons, Plaintiff respectfully requests that the Defendant's motion be denied, that briefing on the Motion to Dismiss proceed as set forth in the Local Rules, and that a hearing on the Motion to dismiss be scheduled for a date after the completion of briefing.

If, however, the Court grants the Defendant's motion, Plaintiff will respond to the Motion to Dismiss by July 14, 2015 and will be prepared to address the Motion to Dismiss orally on July 20, 2015.

Dated:  July 8, 2015

                                                                        Respectfully submitted,

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br>OF VIRGINIA FOUNDATION, INC.<br>_____/s/_____<br>Rebecca K. Glenberg (VSB No. 44099)<br>Gail M. Deady (VSB No. 82035)<br>701 E. Franklin Street, Suite 1412<br>Richmond, Virginia 23219<br>Phone: (804) 644-8080<br>Fax: (804) 649-2733<br>rglenberg@acluva.org<br>gdeady@acluva.org | AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>Joshua A. Block (*Pro hac vice*)<br>Leslie Cooper (*Pro hac vice*)<br>125 Broad Street, 18th Floor<br>New York, New York 10004<br>Phone: (212) 549-2500<br>Fax: (212) 549-2650<br>jblock@aclu.org<br>lcooper@aclu.org |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2015, I filed a copy of the foregoing document with the Clerk of Court through the ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

/s/
Rebecca K. Glenberg