**PUBLISHED**

FILED:  May 31, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 15-2056
(4:15-cv-00054-RGD-DEM)

_____

G. G., by his next friend and mother, Deirdre Grimm,

        Plaintiff - Appellant,

    v.

GLOUCESTER COUNTY SCHOOL BOARD,

        Defendant - Appellee,

------------------------------

JUDY CHIASSON, Ph. D., School Administrator California; DAVID VANNASDALL, School Administrator California; DIANA K. BRUCE, School Administrator District of Columbia; DENISE PALAZZO, School Administrator Florida; JEREMY MAJESKI, School Administrator Illinois; THOMAS A ABERLI, School Administrator Kentucky; ROBERT BOURGEOIS, School Administrator Massachusetts; MARY DORAN, School Administrator Minnesota; VALERIA SILVA, School Administrator Minnesota; RUDY RUDOLPH, School Administrator Oregon; JOHN O'REILLY, School Administrator New York; LISA LOVE, School Administrator Washington; DYLAN PAULY, School Administrator Wisconsin; SHERIE HOHS, School Administrator Wisconsin; THE NATIONAL WOMEN'S LAW CENTER; LEGAL MOMENTUM; THE ASSOCIATION OF TITLE IV ADMINISTRATORS; EQUAL RIGHTS ADVOCATES; GENDER JUSTICE; THE WOMEN'S LAW PROJECT; LEGAL VOICE; LEGAL AID SOCIETY - EMPLOYMENT LAW CENTER; SOUTHWEST WOMEN'S LAW CENTER; CALIFORNIA WOMEN'S LAW CENTER; THE WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH; PEDIATRIC ENDOCRINE SOCIETY; CHILD AND ADOLESCENT GENDER CENTER CLINIC AT UCSF BENIOFF CHILDREN'S HOSPITAL; CENTER FOR TRANSYOUTH HEALTH AND DEVELOPMENT AT CHILDREN'S HOSPITAL LOS ANGELES; GENDER & SEX DEVELOPMENT PROGRAM AT ANN & ROBERT H. LURIE CHILDREN'S HOSPITAL OF CHICAGO; FAN FREE CLINIC; WHITMAN-WALKER CLINIC, INC., d/b/a Whitman-Walker Health; GLMA: HEALTH PROFESSIONALS ADVANCING LGBT EQUALITY; TRANSGENDER LAW

& POLICY INSTITUTE; GENDER BENDERS; GAY, LESBIAN & STRAIGHT EDUCATION NETWORK; GAY-STRAIGHT ALLIANCE NETWORK; INSIDEOUT; EVIE PRIESTMAN; ROSMY; TIME OUT YOUTH; WE ARE FAMILY; UNITED STATES OF AMERICA; MICHELLE FORCIER, M.D.; NORMAN SPACK, M.D.,

      Amici Supporting Appellant,

STATE OF SOUTH CAROLINA; PAUL R. LEPAGE, In his official capacity as Governor State of Maine; STATE OF ARIZONA; THE FAMILY FOUNDATION OF VIRGINIA; STATE OF MISSISSIPPI; JOHN WALSH; STATE OF WEST VIRGINIA; LORRAINE WALSH; PATRICK L. MCCRORY, In his official capacity as Governor State of North Carolina; MARK FRECHETTE; JUDITH REISMAN, Ph. D.; JON LYNSKY; LIBERTY CENTER FOR CHILD PROTECTION; BRADLY FRIEDLIN; LISA TERRY; LEE TERRY; DONALD CAULDER; WENDY CAULDER; KIM WARD; ALICE MAY; JIM RUTAN; ISSAC RUTAN; DORETHA GUJU; DOCTOR RODNEY AUTRY; PASTOR JAMES LARSEN; DAVID THORNTON; KATHY THORNTON; JOSHUA CUBA; CLAUDIA CLIFTON; ILONA GAMBILL; TIM BYRD; EAGLE FORUM EDUCATION AND LEGAL DEFENSE FUND,

      Amici Supporting Appellee.

───────────────────

O R D E R

───────────────────

Appellee's petition for rehearing en banc and filings relating to the petition were circulated to the full court.

No judge having requested a poll under Fed. R. App. P. 35 on the petition for rehearing en banc, the petition is denied.

Judge Niemeyer wrote an opinion dissenting from the denial of the petition for rehearing.

Entered at the direction of Judge Floyd.

      For the Court


      /s/ Patricia S. Connor, Clerk

NIEMEYER, Circuit Judge, dissenting from the denial of the petition for rehearing:

Bodily privacy is historically one of the most basic elements of human dignity and individual freedom. And forcing a person of one biological sex to be exposed to persons of the opposite biological sex profoundly offends this dignity and freedom. Have we not universally condemned as inhumane such forced exposure throughout history as it occurred in various contexts, such as in prisons? And do parents not universally find it offensive to think of having their children's bodies exposed to persons of the opposite biological sex?

Somehow, all of this is lost in the current Administration's service of the politically correct acceptance of gender identification as the meaning of "sex" -- indeed, even when the statutory text of Title IX provides no basis for the position. The Department of Education and the Justice Department, in a circular maneuver, now rely on the majority's opinion to mandate application of their position across the country, while the majority's opinion had relied solely on the Department of Education's earlier unprecedented position. The majority and the Administration -- novelly and without congressional authorization -- conclude that despite Congress's unambiguous authorization in Title IX to provide for the separation of restrooms, showers, locker rooms, and dorms on the basis of sex, see 20 U.S.C. § 1686; 34 C.F.R. §§ 106.32,

106.33, they can override these provisions by redefining sex to mean how any given person identifies himself or herself at any given time, thereby, of necessity, denying all affected persons the dignity and freedom of bodily privacy. Virtually every civilization's norms on this issue stand in protest.

These longstanding norms are not a protest against persons who identify with a gender different from their biological sex. To the contrary, schools and the courts must, with care, seek to understand their condition and address it in permissible ways that are as helpful as possible in the circumstances. But that is not to say that, to do so, we must bring down all protections of bodily privacy that are inherent in individual human dignity and freedom. Nor must we reject separation-of-powers principles designed to safeguard Congress's policymaking role and the States' traditional powers.

While I could call for a poll of the court in an effort to require counsel to reargue their positions before an en banc court, the momentous nature of the issue deserves an open road to the Supreme Court to seek the Court's controlling construction of Title IX for national application. And the facts of this case, in particular, are especially "clean," such as to enable the Court to address the issue without the distraction of subservient issues. For this reason only and not because the issue is not sufficiently weighty for our en banc court, I am not requesting a

poll on the petition for rehearing en banc.  I do, however, vote to grant panel rehearing, which I recognize can only be symbolic in view of the majority's approach, which deferred to the Administration's novel position with a questionable application of <u>Auer v. Robbins</u>, 519 U.S. 452 (1997).  Time is of the essence, and I can only urge the parties to seek Supreme Court review.