IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

G.G., by his next friend and mother,
DEIRDRE GRIMM

   Plaintiff,

v.                                           Case No. 4:15-cv-00054

GLOUCESTER COUNTY SCHOOL
BOARD,

   Defendant.

## ANSWER

COMES NOW Defendant Gloucester County School Board ("School Board"), by counsel, and for its Answer to Plaintiff's Complaint, denies that it is liable to Plaintiff and denies that it in any way violated Plaintiff's rights under either the Fourteenth Amendment to the United States Constitution or Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. The School Board further answers as follows:

## INTRODUCTION

1.     In answer to Paragraph 1 of the Complaint, upon information and belief, the School Board avers that G.G. is now a 17 year old who recently completed his junior year of high school. The School Board further admits that G.G. was born a female and, upon information and belief, remains a female biologically. The School Board denies all other allegations contained in Paragraph 1 of the Complaint in the manner and form alleged.

2.     In answer to Paragraph 2 of the Complaint, the School Board admits that G.G. legally changed his name to "G.G." The School Board denies all other allegations contained in Paragraph 2 of the Complaint in the manner and form alleged.

1

3. In answer to Paragraph 3 of the Complaint, the School Board admits that school officials at Gloucester High School were informed by G.G. and his mother that G.G. is a transgender boy. Answering further, the School Board admits that school officials immediately expressed support for G.G. and agreed to refer to G.G. using his new name and by using male pronouns and permitted G.G. to continue with a home-bound program for the school's physical education requirements. The School Board avers that, after Plaintiff informed school officials that he was transgender, he voluntarily agreed to use a separate restroom in the nurse's office, because he was unsure how other students would react to his transition and that in October 2014, G.G. asked and was permitted by Gloucester High School officials to use the boys' restroom. The School Board denies all other allegations contained in Paragraph 3 of the Complaint.

4. The School Board denies the allegations contained in Paragraph 4 of the Complaint in the manner and form alleged.

5. In answer to Paragraph 5 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that G.G. has tried to avoid using any restroom during the school day and, therefore, denies those allegations. The School Board denies all other allegations contained in Paragraph 5 of the Complaint in the manner and form alleged.

6. The School Board denies the allegations contained in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. In answer to Paragraph 7 of the Complaint, the School Board admits that this Court currently has jurisdiction over the Complaint. The School Board, however, avers that

Plaintiff has failed stated a claim of any type against the School Board. Answering further, the School Board denies that Plaintiff is entitled to the relief requested or any other relief.

8. In answer to Paragraph 8 of the Complaint, the School Board admits that venue is currently proper in this Court.

## PARTIES

9. In answer to Paragraph 9 of the Complaint, the School Board avers that G.G. is now a 17 year old student at Gloucester High School, which is a public high school in Gloucester County.

10. The School Board admits the allegations contained in Paragraph 10 of the Complaint.

11. In answer to Paragraph 11 of the Complaint, the School Board admits that it is an elected body responsible for the operation of Gloucester County Public Schools, including the promulgation of policies. The remaining allegations contained in Paragraph 11 of the Complaint merely state legal conclusions for which no answer is required, and, to the extent an answer is required, the School Board denies those allegations in the manner and form alleged.

## FACTUAL ALLEGATIONS

12. In answer to Paragraph 12 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them in the manner and form alleged.

13. In answer to Paragraph 13 of the Complaint, the School Board avers that the photographs attached as Exhibit A to the Complaint speak for themselves.

14. In answer to Paragraph 14 of the Complaint, the School Board admits that G.G. was born a female and, upon information and belief, remains a female biologically. The School

Board denies all other allegations contained in Paragraph 14 of the Complaint in the manner and form alleged.

15. The School Board denies the allegations contained in Paragraph 15 of the Complaint in the manner and form alleged.

16. In answer to Paragraph 16 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

17. In answer to Paragraph 17 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

18. In answer to Paragraph 18 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

19. In answer to Paragraph 19 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

20. In answer to Paragraph 20 of the Complaint, the School Board admits that G.G. took classes through a home-bound program that follows the public high school curriculum during his freshman year of high school. The School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint and, therefore, denies them.

21. In answer to Paragraph 21 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

22. In answer to Paragraph 22 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

23. In answer to Paragraph 23 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

24. The School Board denies the allegations contained in Paragraph 24 of the Complaint.

25. In answer to Paragraph 25 of the Complaint, the School Board admits that G.G.'s name was changed to "G.G." pursuant to a petition filed with the Circuit Court for the County of Gloucester in July 2014. The School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint and, therefore, denies them.

26. In answer to Paragraph 26 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

27. The School Board admits the allegations contained in Paragraph 27 of the Complaint.

28. In answer to Paragraph 28 of the Complaint, the School Board admits that Principal Collins and Guidance Counselor Durr met with G.G. and his mother during the school

year to discuss G.G.'s gender identity and request to use the boys' bathrooms. The School Board also admits that Principal Collins and Guidance Counselor Durr expressed support for G.G. and a desire to accommodate him at school, including addressing G.G. by his new name and with male pronouns. The School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint and, therefore, denies them.

29. In answer to Paragraph 29 of the Complaint, the School Board admits that G.G. was permitted to continue with a home-bound program solely for physical education requirements. The School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint and, therefore, denies them.

30. The School Board admits the allegations contained in Paragraph 30 of the Complaint.

31. In answer to Paragraph 31 of the Complaint, the School Board admits that G.G. asked Mr. Collins to be allowed to use the boys' bathrooms. The School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint and, therefore, denies them.

32. In answer to Paragraph 32 of the Complaint, the School Board avers that, on or about October 14, 2014, Mr. Collins agreed to allow G.G. to use any male restroom at Gloucester High School as long as he used a restroom stall with a door that would be selected by G.G. The School Board denies all other allegations contained in Paragraph 32 of the Complaint.

33. The School Board denies the allegations contained in Paragraph 33 of the Complaint in the manner and form alleged.

34. In answer to Paragraph 34 of the Complaint, the School Board admits that the alleged agenda item was added to the School Board meeting on November 11, 2014. Answering further, the School Board admits that Board member Carla B. Hook proposed the alleged resolution concerning restroom and locker room use. The School Board denies all other allegations contained in Paragraph 34 of the Complaint in the manner and form alleged.

35. The School Board denies the allegations contained in Paragraph 35 of the Complaint in the manner and form alleged.

36. In answer to Paragraph 36 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

37. The School Board denies the allegations contained in Paragraph 37 of the Complaint as characterized and in the manner and form alleged.

38. In answer to Paragraph 38 of the Complaint, the School Board admits that G.G. and his parents attended the meeting. Answering further, the School Board avers that G.G. spoke voluntarily and that his comments at the meeting speak for themselves. The School Board denies all other allegations contained in Paragraph 38 of the Complaint in the manner and form alleged.

39. In answer to Paragraph 39 of the Complaint, the School Board admits that School Board member Carla B. Hook moved to adopt her proposed resolution concerning the use of restrooms and locker rooms and that the School Board voted 4-3 to defer consideration of the resolution until its December 9, 2014 meeting. The School Board denies the remaining allegations contained in Paragraph 39 of the Complaint in the manner and form alleged.

40. In answer to Paragraph 40 of the Complaint, the School Board avers that referenced documents from the U.S. Department of Education Office for Civil Rights speak for themselves, and the School Board denies the legal conclusions contained therein. The School Board denies all other allegations contained in Paragraph 40 of the Complaint in the manner and form alleged.

41. In answer to Paragraph 41 of the Complaint, the School Board avers that the December 3, 2014 news release speaks for itself. The School Board denies all other allegations contained in Paragraph 41 of the Complaint in the manner and form alleged.

42. The School Board denies the allegations contained in Paragraph 42 of the Complaint as characterized and in the manner and form alleged.

43. In answer to Paragraph 43 of the Complaint, the School Board admits that it passed a resolution concerning the use of restroom and locker rooms in a 6-1 vote, but it denies the remaining allegations contained in Paragraph 43 of the Complaint in the manner and form alleged.

44. In answer to Paragraph 44 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

45. In answer to Paragraph 45 of the Complaint, the School Board admits that Mr. Collins informed G.G. that he was not allowed to use the boys' restrooms. The School Board denies the remaining allegations contained in Paragraph 45 of the Complaint in the manner and form alleged.

46. In answer to Paragraph 46 of the Complaint, the School Board denies that "using the girls' restroom is not possible for G.G." The School Board avers that it is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint and, therefore, denies them.

47. In answer to Paragraph 47 of the Complaint, the School Board admits that three unisex, single-stall restrooms were installed at Gloucester High School after the restroom policy was adopted. Answering further, the School Board admits that doors were raised and partitions were installed. The School Board denies the remaining allegations contained in Paragraph 47 of the Complaint in the manner and form alleged.

48. In answer to Paragraph 48 of the Complaint, the School Board admits that G.G. refused to use the separate single-stall restrooms installed at Gloucester High School; however, the School Board avers that G.G. used single stall unisex facilities at an alternative school over the past year without incident. The School Board denies all other allegations contained in Paragraph 48 of the Complaint.

49. In answer to Paragraph 49 of the Complaint, the School Board avers that G.G. used single stall unisex facilities at an alternative school over the past year without incident. The School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint and, therefore, denies them.

50. The School Board denies the allegations contained in Paragraph 50 of the Complaint.

51. In answer to Paragraph 51 of the Complaint, the School Board avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

52. The School Board denies the allegations contained in Paragraph 52 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### Fourteenth Amendment to the United States Constitution

53. Paragraph 53 of the Complaint merely states legal conclusions for which no answer is required. To the extent an answer is required, the School Board denies the allegations contained in Paragraph 53 of the Complaint in the manner and form alleged.

54. Paragraph 54 of the Complaint merely states legal conclusions for which no answer is required. To the extent an answer is required, the School Board denies the allegations contained in Paragraph 54 of the Complaint in the manner and form alleged.

55. The School Board denies the allegations contained in Paragraph 55 of the Complaint.

56. The School Board denies the allegations contained in Paragraph 56 of the Complaint.

57. The School Board denies the allegations contained in Paragraph 57 of the Complaint.

58. The School Board denies the allegations contained in Paragraph 58 of the Complaint.

59. The School Board denies the allegations contained in Paragraph 59 of the Complaint.

60. The School Board denies the allegations contained in Paragraph 60 of the Complaint.

## COUNT II
### Title IX of the Education Amendments of 1972
### 20 U.S.C. § 1681, *et seq.*

61. In answer to Paragraph 61 of the Complaint, the School Board avers that Title IX speaks for itself.

62. The School Board denies the allegations contained in Paragraph 62 of the Complaint.

63. The School Board admits the allegations contained in Paragraph 63 of the Complaint.

64. The School Board denies the allegations contained in Paragraph 64 of the Complaint.

65. The School Board denies the allegations contained in Paragraph 65 of the Complaint.

## REQUEST FOR RELIEF

66. The School Board denies that Plaintiff is entitled to the relief requested in Paragraphs A, B, C, D, and E of the "Request for Relief" section of the Complaint or any other relief.

## DEFENSES

67. The School Board denies each and every allegation not specifically admitted herein.

68. The School Board avers that Plaintiff has failed to state a claim under either the Fourteenth Amendment to the United States Constitution or Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. The School Board hereby incorporates its

11

previously filed Motion to Dismiss (ECF Doc. 31), Brief in Support of Motion to Dismiss (ECF Doc. 32), and Reply Brief in Support of Motion to Dismiss (ECF Doc. 46).

69. The School Board specifically denies that any of its conduct violated any constitutional rights of Plaintiff.

70. The School Board avers that its conduct and the resolution concerning restroom and locker room was rationally related and/or substantially related to a legitimate government interest.

71. Plaintiff is not a member of a suspect or protected class by virtue of his gender identity or his gender nonconformity.

72. The School Board specifically denies that Plaintiff's rights under Title IX were violated.

73. The School Board avers that it did not intentionally discriminate against Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment or Title IX.

74. The School Board avers that all actions taken on its part were done in good faith and for legitimate reasons and with reasonable grounds for believing it had not violated the United States Constitution, Title IX, or any other federal laws.

75. The School Board avers that it was not deliberately indifferent to Plaintiff's rights under the United States Constitution or Title IX.

76. The School Board did not have notice that its actions may result in a violation of Title IX and, thus, any finding against the School Board would amount to a violation of the Spending Clause in Article 1, Section 8 of the United States Constitution.

77. The School Board avers that none of its alleged conduct was a proximate cause, the sole reason or cause for, the reason for, or a motivating factor of Plaintiff's alleged injuries and damages.

78. The School Board avers that Plaintiff's damages, if any, are *de minimis.*

79. The School Board avers that Plaintiff has failed to mitigate the alleged injuries and damages, if any.

80. The School Board will rely upon any and all other defenses lawfully available to it developed through discovery, or otherwise, at the time of trial and reserves the right to amend its Answer if necessary.

WHEREFORE, for the foregoing reasons, the Gloucester County School Board respectfully requests judgment in its favor together with its costs and attorney fees expended herein.

**TRIAL BY JURY IS DEMANDED.**

**GLOUCESTER COUNTY SCHOOL BOARD**

By Counsel

/s/
David P. Corrigan
VSB No. 26341
Jeremy D. Capps
VSB No. 43909
M. Scott Fisher, Jr.
VSB No. 78485
Attorneys for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com

## **C E R T I F I C A T E**

      I hereby certify that on the 6th day of July, 2016, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

                                          /s/
                                          David P. Corrigan
                                          VSB No. 26341
                                          Attorney for Gloucester County School Board
                                          Harman, Claytor, Corrigan & Wellman
                                          P.O. Box 70280
                                          Richmond, Virginia 23255
                                          804-747-5200 - Phone
                                          804-747-6085 - Fax
                                          dcorrigan@hccw.com