**UNPUBLISHED**

FILED: July 12, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-1733
(4:15-cv-00054-RGD-DEM)
_____

G. G., by his next friend and mother, Deirdre Grimm,

          Plaintiff - Appellee,

    v.

GLOUCESTER COUNTY SCHOOL BOARD,

          Defendant - Appellant.

_____

O R D E R
_____

Upon consideration of submissions relative to the motion of appellant for stay pending appeal, the court denies the motion.

Entered at the direction of Judge Floyd. Senior Judge Davis wrote an opinion concurring in the denial of a stay pending the filing of, and action on, a petition for certiorari. Judge Niemeyer wrote an opinion dissenting from the denial of a stay pending appeal.

                            For the Court

                            /s/ Patricia S. Connor, Clerk

DAVIS, Senior Circuit Judge, concurring in the denial of a stay pending the filing of, and action on, a petition for certiorari:

I vote to deny the motion for stay.

In Price Waterhouse v. Hopkins, 490 U.S. 228, 235 (1989), plaintiff Ann Hopkins received comments from partners describing her as "macho," suggesting that she "overcompensated for being a woman," and "advis[ing] her to take a course at charm school" during her bid for partnership. Price Waterhouse, 490 U.S. 228, 235 (1989) (citations omitted). Hopkins was told that to improve her chances of attaining partnership, she should "walk more femininely, talk more femininely, dress more femininely, wear make-up, have her hair styled, and wear jewelry." Id. (citation omitted). Rejecting Price Waterhouse's insinuation that acting in reliance on sex stereotyping was not prohibited by Title VII, the Supreme Court unequivocally stated otherwise:

> [W]e are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated with their group, for "[i]n forbidding employers to discriminate against individuals because of their sex, Congress intended to strike at the entire spectrum of disparate treatment of men and women resulting from sex stereotypes."

Id. at 251 (second alteration in original) (quoting Los Angeles Dept. of Water & Power v. Manhart, 435 U.S. 702, 707, n.13 (1978)). The Supreme Court has expressly recognized that claims based on an individual's failure to conform to societal expectations based on that person's gender constitute discrimination "because of sex"

2

under Title VII.  Id. at 250-51 (plurality); Price Waterhouse, 490 U.S. at 272-73 (O'Connor, J., concurring); Price Waterhouse, 490 U.S. at 260-61 (White, J., concurring).

The First, Sixth, Ninth, and Eleventh Circuits have all recognized that discrimination against a transgender individual based on that person's transgender status is discrimination because of sex under federal civil rights statutes and the Equal Protection Clause of the Constitution.  See Glenn v. Brumby, 663 F.3d 1312, 1316-19 (11th Cir. 2011) (holding that terminating an employee because she is transgender violates the prohibition on sex-based discrimination under the Equal Protection Clause following the reasoning of Price Waterhouse); Smith v. City of Salem, Ohio, 378 F.3d 566, 573-75 (6th Cir. 2004) (holding that transgender employee had stated a claim under Title VII based on the reasoning of Price Waterhouse); Rosa v. Park W. Bank & Trust Co., 214 F.3d 213, 215-16 (1st Cir. 2000) (holding that a transgender individual could state a claim for sex discrimination under the Equal Credit Opportunity Act based on Price Waterhouse); Schwenk v. Hartford, 204 F.3d 1187, 1201-03 (9th Cir. 2000) (holding that a transgender individual could state a claim under the Gender Motivated Violence Act under the reasoning of Price Waterhouse).

On this long-settled jurisprudential foundation, our friend's assertion that the majority opinion issued when this case was

previously before us is "unprecedented" misses the mark. In any event, as regards the standards for a stay, the dissent contains its own rebuttal. Contrary to the dissent's assertion that "the School Board has constructed three unisex bathrooms to accommodate any person who feels uncomfortable using facilities separated on the basis of sex," the three unisex bathrooms are in fact available to "any student" at the school. Mot. for Stay at 5.

In short, there is no reason to disturb the district court's exercise of discretion in denying the motion to stay its preliminary injunction.

NIEMEYER, Circuit Judge, dissenting from the denial of a stay pending appeal:

I would grant Gloucester County School Board's motion for a stay pending appeal. See Long v. Robinson, 432 F.2d 977 (4th Cir. 1970); cf. Winter v. National Resources Defense Council, Inc., 555 U.S. 7 (2008). Facially, the district court conducted no analysis required by Winter for the entry of a preliminary injunction, relying only on our earlier decision in this case. And under the balancing analysis prescribed by Long, I conclude that a stay is appropriate, based on the following:

1. The earlier groundbreaking decision of this court is, as I have noted previously, unprecedented. Indeed, it appears to violate the clear, unambiguous language of Title IX, which explicitly authorizes the provision of various separate facilities

4

"on the basis of sex." Moreover, the court's decision applying deference under Auer v. Robins, 519 U.S. 452 (1997), is questionable, and, even if deference were appropriate, it relies solely on a letter from the U.S. Department of Education, imposing an entirely new interpretation of "sex" in Title IX without the support of any law. In view of this, it is difficult to understand how the decision is sustainable.

  2.  By enforcing the injunction now, male students at Gloucester High School will be denied the separate facilities provided by the School Board on the basis of sex, as authorized by Congress, and thus will be denied bodily privacy when using the facilities, to the dismay of the students and their parents. These consequences are likely to cause disruption both in the school and among the parents.

  3.  While I recognize the sensitivities of G.G.'s gender transition, I nonetheless conclude that he is unlikely to suffer substantial injury from a stay of the district court's injunction, particularly because the School Board has constructed three unisex bathrooms to accommodate any person who feels uncomfortable using facilities separated on the basis of sex.

  4.  The public interest in a final and orderly resolution of G.G.'s claims before enforcement of this court's decision is served by a stay pending appeal. The changes that this injunction would require -- and that the Department of Justice and Department of

Education now seek to impose nationwide on the basis of our earlier decision -- mark a dramatic departure from the responsibilities local school boards have heretofore understood and the authorizations that Congress has long provided.  These school boards and the communities they serve would benefit from the thoughtful and final disposition of G.G.'s claims, and from ultimate guidance from the Supreme Court or Congress, before having to undertake these sweeping reforms.

In short, I conclude that the Gloucester County School Board has adequately made its case for a stay pending appeal, and I would grant its motion for such a stay.