IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

G.G., BY HIS NEXT FRIEND AND
MOTHER, DEIRDRE GRIMM,

   Plaintiff,

v.                                                       Case No. 4:15-cv-00054

GLOUCESTER COUNTY SCHOOL
BOARD,

   Defendant.

## BRIEF IN SUPPORT OF UNOPPOSED MOTION TO STAY

      Defendant Gloucester County School Board ("School Board"), by counsel, states as follows in support of its unopposed Motion to Stay this case pending disposition of its petition for a writ of certiorari with the United States Supreme Court:

      1.    On August 3, 2016, the United States Supreme Court recalled and stayed the mandate of the Fourth Circuit's decision in No. 15-2056 and also stayed the preliminary injunction entered by this Court pending the timely filing and disposition of the School Board's petition for a writ of certiorari. *See Gloucester Cty. Sch. Bd. v. G.G. ex rel. Grimm,* No. 16A52, 2016 WL 4131636 (U.S. Aug. 3, 2016).

      2.    The Supreme Court's order states: "Should the petition for a writ of certiorari be denied, this stay shall terminate automatically. In the event the petition for a writ of certiorari is granted, the stay shall terminate upon the issuance of the judgment of this Court." *Id.* at *1. By recalling the mandate, the Supreme Court stayed all proceedings in this case concerning the Title IX claim.

3. Because the Fourth Circuit mandate has been recalled and stayed, this Court no longer has jurisdiction over Plaintiff's claim under Title IX, 20 U.S.C. § 1681 *et seq.* "[T]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). "A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." *United States v. Modanlo*, 762 F.3d 403, 408 (4th Cir. 2014); *see also DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690, 693 (4th Cir. 1976) ("[J]urisdiction of the district court, if any, [is] dependent upon the terms of the appellate mandate."). "Simply put, jurisdiction follows the mandate." *United States v. Rivera,* 844 F.2d 916, 921 (2nd Cir. 1988). In accordance with the August 3, 2016 order of the United States Supreme Court, there is no mandate concerning the Title IX claim. Consequently, this Court has been divested of jurisdiction over that claim.

4. While Plaintiff still has an Equal Protection Clause claim pending for which this Court still has jurisdiction, the factual scenario and attendant legal and discovery issues concerning the Equal Protection Clause claim are intimately bound up with the Title IX claim. Accordingly, a stay of the entire case pending disposition of the School Board's petition for writ of certiorari with the United State Supreme Court on the Title IX claim is appropriate.

5. A district court has substantial inherent power to control and manage its docket in order to achieve the orderly and expeditious disposition of case. *See, e.g., In re World Trade Center Disaster Site Litigation*, 722 F.3d 483 (2nd Cir. 2013); *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206 (5th Cir. 2010); *American Civil Liberties Union of Kentucky v. McCreary County, Ky.*, 607 F.3d 439 (6th Cir. 2010). This includes the authority to stay proceedings. *See*

*Landis v. N. Am. Co.,* 299 U.S. 248 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). Staying the entire case would achieve the goal of economy of time and effort for the Court, for counsel, and for the parties.

      6.      Plaintiff does not oppose this motion.

WHEREFORE, for the foregoing reasons, Gloucester County School Board, by counsel, respectfully requests that this case be stayed pending disposition of its petition for a writ of certiorari with the United States Supreme Court.

                                        **GLOUCESTER COUNTY SCHOOL BOARD**

                                        By Counsel

/s/
David P. Corrigan
VSB No. 26341
Jeremy D. Capps
VSB No. 43909
M. Scott Fisher, Jr.
VSB No. 78485
Attorneys for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com

**CERTIFICATE**

I hereby certify that on the 18th day of August, 2016, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

/s/
David P. Corrigan
VSB No. 26341
Attorney for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com