IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

G.G., BY HIS NEXT FRIEND AND
MOTHER, DEIRDRE GRIMM,

   Plaintiff,

v.                                                                            Case No. 4:15-cv-00054

GLOUCESTER COUNTY SCHOOL
BOARD,

   Defendant.

## **BRIEF IN SUPPORT OF UNOPPOSED MOTION TO CONTINUE STAY**

Defendant Gloucester County School Board ("School Board"), by counsel, states as follows in support of its unopposed Motion to Continue the Stay of this case pending the ruling by the United States Court of Appeals for the Fourth Circuit on the preliminary injunction and dismissal of the Title IX claim:

1. On August 31, 2016, this Court entered an Order staying this matter pending the disposition of the School Board's petition for a writ of certiorari with the United States Supreme Court.  *See* ECF No. 86.  The Supreme Court granted the School Board's writ of certiorari and on March 6, 2017 vacated the judgment of the Fourth Circuit and remanded the case back to the Fourth Circuit for further consideration in light of the guidance document issued by the Department of Education and Department of Justice in February 22, 2017.  *See* ECF No. 92.  On April 7, 2017 the Fourth Circuit entered an order vacating the preliminary injunction entered by this court on June 23, 2016.  *See* ECF No. 93.

3. Plaintiff has an Equal Protection Clause claim pending over which this Court has jurisdiction; however, the factual scenario and attendant legal and discovery issues concerning

the Equal Protection Clause claim are intimately bound up with the Title IX claim. Accordingly, a stay of the entire case until the Fourth Circuit rules on the pending appeal of the preliminary injunction and the dismissal of the Title IX claim is in the interest of the parties and the Court.

4. A district court has substantial inherent power to control and manage its docket in order to achieve the orderly and expeditious disposition of case. *See, e.g., In re World Trade Center Disaster Site Litigation*, 722 F.3d 483 (2nd Cir. 2013); *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206 (5th Cir. 2010); *American Civil Liberties Union of Kentucky v. McCreary County, Ky.*, 607 F.3d 439 (6th Cir. 2010). This includes the authority to stay proceedings. *See Landis v. N. Am. Co.,* 299 U.S. 248 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). Staying the entire case would achieve the goal of economy of time and effort for the Court, for counsel, and for the parties.

5. Plaintiff does not oppose this motion.

WHEREFORE, for the foregoing reasons, Gloucester County School Board, by counsel, respectfully requests that the stay of this case be continued pending the Fourth Circuit's ruling on the preliminary injunction and dismissal of the Title IX claim.

**GLOUCESTER COUNTY SCHOOL BOARD**

By Counsel

/s/
David P. Corrigan
VSB No. 26341
Jeremy D. Capps
VSB No. 43909
M. Scott Fisher, Jr.
VSB No. 78485
Attorneys for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 13th day of April, 2017, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

/s/
David P. Corrigan
VSB No. 26341
Attorney for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com

3