

# Office of the Attorney General
## Washington, D. C. 20530

October 4, 2017

### MEMORANDUM

TO:         UNITED STATES ATTORNEYS
            HEADS OF DEPARTMENT COMPONENTS

FROM:       THE ATTORNEY GENERAL

SUBJECT:    Revised Treatment of Transgender Employment Discrimination Claims
            Under Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act of 1964 makes it unlawful for employers to discriminate in the employment of an individual "because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a) (prohibiting discrimination by private employers and by state and local governments); 42 U.S.C. § 2000e-16(a) (providing that personnel actions by federal agencies "shall be made free from any discrimination based on . . . sex"). Title VII's prohibition of sex discrimination is a strong and vital principle that underlies the integrity of our workforce.

The question of whether Title VII's prohibition on sex discrimination encompasses discrimination based on gender identity *per se*, including discrimination against transgender individuals, arises in a variety of contexts. In a December 15, 2014, memorandum, Attorney General Holder concluded that Title VII does encompass such discrimination, based on his view that Title VII prohibits employers from taking into account "sex-based considerations." Memo. at 2; *see also id.* at 1 n.1 (defining "gender identity" and "transgender individuals").

Although federal law, including Title VII, provides various protections to transgender individuals, Title VII does not prohibit discrimination based on gender identity *per se*. This is a conclusion of law, not policy. The sole issue addressed in this memorandum is what conduct Title VII prohibits by its terms, not what conduct should be prohibited by statute, regulation, or employer action. As a law enforcement agency, the Department of Justice must interpret Title VII as written by Congress.

Title VII expressly prohibits discrimination "because of . . . sex" and several other protected traits, but it does not refer to gender identity. "Sex" is ordinarily defined to mean biologically male or female. *See, e.g., Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1221-22 (10th Cir. 2007); *Hively v. Ivy Tech Cmty. Coll.*, 853 F.3d 339, 362 (7th Cir. 2017) (en banc) (Sykes, J., dissenting) (citing dictionaries). Congress has confirmed this ordinary meaning by expressly prohibiting, in several other statutes, "gender identity" discrimination, which Congress lists in addition to, rather than within, prohibitions on

**EXHIBIT A**

discrimination based on "sex" or "gender." *See, e.g.*, 18 U.S.C. § 249(a)(2); 42 U.S.C. § 13925(b)(13)(A). Furthermore, the Supreme Court has explained that "[t]he critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment [or other employment actions] to which members of the other sex are not exposed." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). Although Title VII bars "sex stereotypes" insofar as that particular sort of "sex-based consideration[ ]" causes "disparate treatment of men and women," *Price Waterhouse v. Hopkins*, 490 U.S. 228, 242, 251 (1989) (plurality op.), Title VII is not properly construed to proscribe employment practices (such as sex-specific bathrooms) that take account of the sex of employees but do not impose different burdens on similarly situated members of each sex, *see, e.g.*, *Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1109-10 (9th Cir. 2006) (en banc).

Accordingly, Title VII's prohibition on sex discrimination encompasses discrimination between men and women but does not encompass discrimination based on gender identity *per se*, including transgender status. Therefore, as of the date of this memorandum, which hereby withdraws the December 15, 2014, memorandum, the Department of Justice will take that position in all pending and future matters (except where controlling lower-court precedent dictates otherwise, in which event the issue should be preserved for potential further review).

The Justice Department must and will continue to affirm the dignity of all people, including transgender individuals. Nothing in this memorandum should be construed to condone mistreatment on the basis of gender identity, or to express a policy view on whether Congress should amend Title VII to provide different or additional protections. Nor does this memorandum remove or reduce the protections against discrimination on the basis of sex that Congress has provided all individuals, including transgender individuals, under Title VII. In addition, the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act and the Violence Against Women Reauthorization Act prohibit gender identity discrimination along with other types of discrimination in certain contexts. 18 U.S.C. § 249(a)(2); 42 U.S.C. § 13925(b)(13)(A). The Department of Justice has vigorously enforced such laws, and will continue to do so, on behalf of all Americans, including transgender Americans.

If you have questions about this memorandum or its application in a case, please contact your Civil Chief or your Component's Front Office.