IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

GAVIN GRIMM,

  Plaintiff,

v.                                                                    Case No. 4:15-cv-00054

GLOUCESTER COUNTY SCHOOL
BOARD,

  Defendant.

## BRIEF IN SUPPORT OF GLOUCESTER COUNTY SCHOOL BOARD'S CONSENT MOTION TO CERTIFY AN INTERLOCUTORY APPEAL TO THE UNITED STATES FOURTH CIRCUIT COURT OF APPEALS

### INTRODUCTION

On May 22, 2018, this Court entered an Order denying the Gloucester County School Board's ("School Board") Amended Motion to Dismiss the Plaintiff's ("Grimm") Amended Complaint. ECF Doc. 148. In doing so, this Court held that the prohibition of discrimination "on the basis of sex" includes gender identity and that Grimm's Amended Complaint stated a cause of action under both Title IX and the Equal Protection Clause. Neither the Fourth Circuit nor the Supreme Court of the United States has squarely addressed this issue. However, the Supreme Court was poised to consider this very question through Grimm's Title IX claim in this case last year.

Because this issue is a controlling question of law, and there is a substantial ground of difference of opinion, and an interlocutory appeal would materially advance the ultimate resolution of this litigation, the School Board respectfully requests that the Court grant permission to appeal this Court's order to the United States Court of Appeals for the Fourth

Circuit under 28 U.S.C. § 1292(b).[1] Counsel for Plaintiff has advised that Plaintiff agrees that this case satisfies all the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) and consents to certifying the order for interlocutory appeal.

## **LAW AND ARGUMENT**

### A. This Court's Order Should be Certified for an Interlocutory Appeal.

Because the Court's order was not a final order, the parties request that the Court certify this matter for an immediate interlocutory appeal under 28 U.S.C. § 1292(b). Under the unique circumstances of this case, it is within this Court's discretion to certify an appeal because (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

This court has "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cty. Comm'n,* 514 U.S. 35, 46, 115 S.Ct. 1203 (1995). The certification of an interlocutory appeal requires "exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments." *Terry v. June,* 368 F. Supp. 2d 538, 539 (W.D. Va. 2005) (citations omitted). Consistent with this principle, the Fourth Circuit has made clear that "[c]ertainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical

---

[1] Neither 28 U.S.C. 1292(b) nor Fed. R. App. P. 5 provides an express time by which a party must move the district court to amend its order to include an interlocutory certification, and the Fourth Circuit has not addressed this issue. Instead, it is generally held that the motion should be filed within a reasonable time after the order sought to be appealed is entered. *See e.g., Coal. For Equity & Excellence in Maryland Higher Educ. v. Maryland Higher Educ. Comm'n*, 2015 WL 4040425 at *7 (D. Md. June 29, 2015) (citing *Richardson Electronics, Ltd. v. Panache Broad. Of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)).

matter, whichever way it goes." *Fannin v. CSX Transp., Inc.,* 873 F.2d 1438, 1989 WL 42583 at *5 (4th Cir. 1989) (unpublished); *see also United States ex rel. Michaels v. Agape Senior Cmty., Inc.,* 848 F.3d 330, 340–41 (4th Cir. 2017); *LaFleur v. Dollar Tree Stores, Inc.,* No. 2:12-CV-00363, 2013 WL 150722, at *1 (E.D. Va. Jan. 11, 2013).

In certifying an appeal, the Fourth Circuit's jurisdiction applies to the "order certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Yamaha Motor Corp., U.S.A. v. Calhoun,* 516 U.S. 199, 205, 116 S.Ct. 619 (1996). Thus, the Fourth Circuit has jurisdiction over "any issue fairly included within the certified order." *Smith v. Murphy*, 634 F. App'x 914, 915 (4th Cir. 2015) (citing *Yamaha Motor Corp.*, 516 U.S. at 205).

**B.    The Order Involves a Controlling Question of Law.**

The question of whether Title IX and the Equal Protection Clause prohibit discrimination on the basis of gender identity is a controlling question of law. Title IX prohibits discrimination "on the basis of sex," 20 U.S.C. § 1681(a), while its implementing regulation permits "separate toilet, locker rooms, and shower facilities on the basis of sex." 34 C.F.R. § 106.33. Under the Equal Protection clause, discrimination on the basis of sex is likewise prohibited. Thus, the proper interpretation of "on the basis of sex" under Title IX, § 106.33 and the Constitution is at the heart of this dispute.

Indeed, the United States Supreme Court recognized that this case involves a controlling question of law. After the Fourth Circuit issued a divided decision effectively equating gender identity with sex under Title IX, the Supreme Court granted a stay of the Fourth Circuit's mandate. Thereafter, on October 28, 2016, the Supreme Court granted a writ of certiorari to address this purely legal question. It was only after the Department of Justice withdrew a guidance letter that the Supreme Court remanded the matter back to the Fourth Circuit.

Finally, the fact that this legal issue can be resolved on the appeal of a Motion to Dismiss eliminates the risk that the Fourth Circuit would need to delve into the factual record to decide this appeal. *See G.G. v. Gloucester Cty. Sch. Bd.*, 824 F.3d 450, 453 (4th Cir. 2016) (Niemeyer, J., dissenting to the denial of petition for rehearing *en banc*) ("[T]he facts of this case, in particular, are especially 'clean,' such as to enable the [Supreme] Court to address the issue without the distraction of subservient issues."); *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d at 340–41 (4th Cir. 2017) (§ 1292(b) review may be appropriate where the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts). The parties agree that this matter involves an important controlling legal question that is appropriate for interlocutory appellate review.

**C.     There Is A Substantial Ground For Difference Of Opinion.**

An interlocutory appeal under § 1292(b) is also warranted because "a substantial ground for difference of opinion" exists with respect to whether Title IX and the Equal Protection Clause prohibit discrimination on the basis of gender identity. This appeal will give the Fourth Circuit an excellent opportunity to determine the proper interpretation of "on the basis of sex" and the scope of protection for gender identity under both Title IX and the Equal Protection Clause.

A substantial ground for difference of opinion arises only if the disagreement on controlling law exists between courts, not merely parties. *Cooke–Bates v. Bayer Corp.,* No. 3:10cv261, 2010 WL 4789838, at *2 (E. D. Va. Nov. 16, 2010). A substantial ground for disagreement may arise if there is a "novel and difficult issue of first impression," or if there is a circuit split and the controlling circuit has not commented on the conflicting issue. *Id.*; *United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.,* 173 F. Supp. 3d 320, 323 (E.D. Va. 2016).

Furthermore, courts remain divided on these issues. *See, e.g.*, School Board's Brief in Support of Amended Motion to Dismiss Amended Complaint at 19-22; 28-34 (ECF Doc. 136). Indeed, two judges at the district court level deciding the Title IX issue in this very case reached opposite conclusions. The Fourth Circuit panel deciding the application of sex-based discrimination to gender identity was divided, and the Supreme Court granted a writ on Title IX's application to gender identity. These differing viewpoints satisfy the second requirement for an interlocutory appeal under § 1292(b).

To that end, neither the Fourth Circuit nor the Supreme Court has addressed the application of Title IX or the Equal Protection Clause to transgender individuals. In fact, the Fourth Circuit and the Supreme Court have not addressed whether a gender stereotyping theory would apply to a gender identity case under Title VII (*see* ECF Doc. 148, p. 18). Nor has either court considered the question of whether transgender classifications are sex-based for the purposes of an Equal Protection Clause claim (*see id.* at 25). Without question, these are novel and difficult questions of first impression that courts around the country are grappling with. The sheer number of amicus briefs in this case demonstrate the public interest associated with these legal issues. Under the circumstances, these issues of first impression also justify an interlocutory appeal.

**D.      An Immediate Appeal Of The Order Would Materially Advance The Ultimate Termination Of This Litigation.**

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 (3d ed. 2012).

Here, an immediate interlocutory appeal under § 1292(b) would materially advance the ultimate termination of this case in at least two ways. First, the question of whether Title IX and its regulations require schools to permit transgender students to use the restrooms and locker rooms associated with their gender identity is a pure legal question that can be decided without further factual development. Second, the issue of whether gender identity is protected under Title IX or the Equal Protection Clause, under a gender stereotyping theory or otherwise, can be decided without further factual development.[2] A final decision on these two issues could be "dispositive of the litigation, either as a legal or practical matter, whichever way it goes," *Fannin*, 873 F.2d at 1438, and, thus, an interlocutory appeal would materially advance the ultimate termination of the case.

## CONCLUSION

The School Board, with the consent of the Plaintiff, respectfully requests that the Court amend its order of May 22, 2018 (ECF Doc. 148) to state that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

---

[2] In *In re Health Diagnostic Lab., Inc.*, No. 15-32919-KRH, 2017 WL 2129849, at *5 (E.D. Va. May 16, 2017), the Court stated that in "determining whether granting a motion for interlocutory appeal will materially advance the ultimate termination of the litigation, a district court should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." (internal citations and quotations omitted). The parties agree that the ultimate termination of this litigation will be advanced with an interlocutory appeal of this Court's decision on Plaintiff's Equal Protection clause claim. Even though there are additional facts to be developed in discovery should such a claim be stated, allowing this appeal would likely obviate the need for such discovery to occur or significantly reduce the scope of discovery.

**GLOUCESTER COUNTY SCHOOL BOARD**

By Counsel

/s/
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
Douglas E. Pittman (VSB No. 87915)
*Attorneys for Gloucester County School Board*
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
dpittman@hccw.com

# C E R T I F I C A T E

I hereby certify that on the 1st day of June 2018, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

    Claire G. Gastañaga
    American Civil Liberties Union of Virginia Foundation, Inc.
    701 E. Franklin Street, Suite 1412
    Richmond, VA 23219
    804-644-8080 - Phone
    804-649-2733 - Fax
    claire@acluva.org

    Joshua A. Block, Esq. (Pro hac vice)
    Leslie Cooper, Esq. (Pro hac vice)
    American Civil Liberties Union
    125 Broad Street, 18th Floor
    New York, NY 10004
    212-549-2627 - Phone
    212-549-2650 – Fax
    jblock@aclu.org
    lcooper@aclu.org

    Clare P. Wuerker, Esq.
    VSB 79236

United States Attorney's Office
101 West Main Street
Suite 8000
Norfolk, VA 23510
757-441-6331 - Phone
757-441-6689 – Fax
Claire.Wuerker@usdoj.gov

Victoria Lill, Esq. (Pro hac vice)
United States Department of Justice
950 Pennsylvania Ave., N.W.
Educational Opportunities Section, PHB
Washington, DC 20530
202-514-4092 - Phone
202-514-8337 - Fax
Victoria.Lill@usdoj.gov

/s/
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
Douglas E. Pittman (VSB No. 87915)
*Attorneys for Gloucester County School Board*
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
dpittman@hccw.com