IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

GAVIN GRIMM,

  Plaintiff,

v.                                                       Case No. 4:15-cv-54

GLOUCESTER COUNTY SCHOOL
BOARD,

  Defendant.

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Gloucester County School Board ("School Board") states as follows for its Answer to the Second Amended Complaint filed by Plaintiff Gavin Grimm ("Grimm"):

1. The School Board admits that Grimm is 19 years old, asserts that he is transgender, but is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

2. Upon information and belief, the School Board admits that Grimm changed his name to Gavin and that Gavin received a document entitled "treatment documentation letter," which speaks for itself. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of Grimm's Second Amended Complaint in the manner and form alleged. As such, those allegations are hereby denied.

3. The School Board admits that Grimm used the boys' restrooms at Gloucester High School for a period of time; however, the School Board denies the remaining allegations

1

contained in Paragraph 3 of Grimm's Second Amended Complaint in the manner and form alleged.

4. The School Board admits that it received complaints and inquiries from students, parents of students, and other adults, but denies the remaining allegations contained in Paragraph 4 of Grimm's Second Amended Complaint in the manner and form alleged.

5. The School Board denies the allegations contained in Paragraph 5 of Grimm's Second Amended Complaint in the manner and form alleged.

6. The School Board denies the allegations contained in Paragraph 6 of Grimm's Second Amended Complaint in the manner and form alleged.

7. The School Board denies the allegations contained in Paragraph 7 of Grimm's Second Amended Complaint in the manner and form alleged.

8. The School Board denies the allegations contained in Paragraph 8 of Grimm's Second Amended Complaint in the manner and form alleged.

9. The School Board denies the allegations contained in Paragraph 9 of Grimm's Second Amended Complaint in the manner and form alleged.

10. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 10 of Grimm's Second Amended Complaint. The School Board denies the allegations contained in the second sentence of Paragraph 10 of Grimm's Second Amended Complaint in the manner and form alleged.

11. The School Board denies the factual allegations contained in Paragraph 11 of Grimm's Second Amended Complaint in the manner and form alleged, and further denies that it has violated the Equal Protection Clause of the Fourteenth Amendment or Title IX of the Educational Amendments of 1972.

12. The School Board denies the allegations contained in Paragraph 12 of Grimm's Second Amended Complaint in the manner and form alleged.

13. The School Board denies that Grimm is entitled to the relief requested or any relief.

## JURISDICTION AND VENUE

14. Paragraph 14 of Grimm's Second Amended Complaint contains legal conclusions to which no response is required. The School Board, however, denies that it has violated the Equal Protection Clause of the Fourteenth Amendment or Title IX of the Educational Amendments of 1972.

15. Paragraph 15 of Grimm's Second Amended Complaint contains legal conclusions to which no response is required. The School Board, however, denies it took any act in violation of the Equal Protection Clause of the Fourteenth Amendment or Title IX of the Educational Amendments of 1972.

## PARTIES

16. The School Board admits the allegations contained in Paragraph 16 of Grimm's Amended Complaint.

17. The School Board admits the allegations contained in Paragraph 17 of Grimm's Amended Complaint.

## FACTUAL ALLEGATIONS

18. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

19. The School Board admits that at birth Grimm's gender was identified as female in conformity with his biological sex. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied in the manner and form alleged.

20. The allegations contained in Paragraph 20 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

21. The School Board does not possess sufficient information to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 21 of Grimm's Second Amended Complaint pertaining specifically to Grimm. As such, those allegations are hereby denied. Further, the remaining allegations in Paragraph 21 are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

22. The allegations contained in Paragraph 22 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

23. The allegations contained in Paragraph 23 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

24. The allegations contained in Paragraph 24 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

25. The allegations contained in Paragraph 25 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

26. The allegations contained in Paragraph 26 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

27. The allegations contained in Paragraph 27 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as

stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

28. The allegations contained in Paragraph 28 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

29. The allegations contained in Paragraph 29 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

30. The allegations contained in Paragraph 30 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

31. The allegations contained in Paragraph 31 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

32. The allegations contained in Paragraph 32 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

33. Paragraph 33 of Grimm's Second Amended Complaint contains legal conclusions to which no response is required. The School Board denies any factual allegations contained in Paragraph 33 in the manner and form alleged, and further denies that it has discriminated against Grimm.

34. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

35. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

36. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

37. The allegations contained in Paragraph 37 of Grimm's Second Amended Complaint are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

38. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Grimm's Second Amended Complaint.

39. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Grimm's Second Amended Complaint.

40. The School Board admits, upon information and belief, that Grimm changed his name to Gavin and began using male pronouns. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 40 of Grimm's Second Amended Complaint.

41. The School Board admits that Grimm and his mother met with a guidance counselor near the beginning of the 2014-2015 school year; however, the School Board denies the remaining allegations contained in Paragraph 41 of Grimm's Second Amended Complaint in the manner and form alleged.

42. The School Board admits that, at a later time, the school principal was shown a copy of the "treatment documentation letter," which speaks for itself, and at some point a copy of that letter was given to the guidance counselor; however, the School Board is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 42 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

43. In answer to Paragraph 43 of Grimm's Second Amended Complaint, the School Board avers that its policy related to student restroom use applied equally to all students and did not violate the Equal Protection Clause or Title IX. The School Board denies all remaining allegations contained in Paragraph 43 of Grimm's Second Amended Complaint in the manner and form alleged.

44. In response to the allegations contained in Paragraph 44 of Grimm's Second Amended Complaint, the School Board admits that Gavin requested to use the restroom in the nurse's office; however, the School Board is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in that paragraph; and therefore those allegations are hereby denied.

45. The School Board admits the allegations contained in Paragraph 45 of Grimm's Second Amended Complaint.

46. The School Board admits that on or about October 20, 2014, Grimm began using the male restrooms with the principal's permission; however, the School Board denies the remaining allegations contained in Paragraph 46 in the manner and form alleged.

47. The School Board admits that Grimm requested to complete his physical-education requirements through virtual classes, but is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 47 of Grimm's Second Amended Complaint; and therefore those allegations are hereby denied.

48. In response to the allegations contained in Paragraph 48 of Grimm's Second Amended Complaint, the School Board admits that the principal authorized Grimm to use the boys' restrooms, the superintendent informed the School Board of that decision, and both the principal and the superintendent otherwise kept the matter confidential; however, the School Board denies the remaining allegations contained in that paragraph in the manner and form alleged.

49. The School Board denies the allegations contained in Paragraph 49 of Grimm's Second Amended Complaint in the manner and form alleged.

50. Upon information and belief, the School Boards admits that a pastor in the community who is a Gloucester High School employee made statements, not in his capacity as a school employee, to the Washington Post as set forth in Paragraph 50 of the Second Amended Complaint.

51. The School Board denies the allegations contained in Paragraph 51 of Grimm's Second Amended Complaint in the manner and form alleged.

52. The School Board admits a board member proposed the quoted resolution, which speaks for itself, at the School Board's November 11, 2014, but denies the remaining allegations contained in Paragraph 52 of Grimm's Second Amended Complaint in the manner and form alleged.

53. The School Board denies the allegations contained in Paragraph 53 of Grimm's Second Amended Complaint in the manner and form alleged. The School Board avers that, in a December 9, 2014 Board meeting, it enacted a resolution, which speaks for itself, concerning the use of restroom facilities by all students, including those students that question their gender identities.

54. In response to the allegations contained in Paragraph 54 of Grimm's Second Amended Complaint, the School Board avers that the resolution speaks for itself. The remaining allegations contained in that paragraph are conclusory as they call for an expert opinion. The School Board is without sufficient personal knowledge to form a belief as to the truth or falsity of these allegations as stated. As such, these allegations are hereby denied, and the School Board calls for strict proof thereof.

55. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 55 of Grimm's Second

Amended Complaint; however, the School Board denies the allegations contained in the second sentence of that paragraph in the manner and form alleged.

56. The School Board admits that an excerpt of Grimm's comments is set forth in Paragraph 56 of Grimm's Second Amended Complaint.

57. The School Board admits the allegations contained in Paragraph 57 of Grimm's Second Amended Complaint.

58. The School Board admits that it issued a press release on December 3, 2014, which speaks for itself.

59. The School Board denies the allegations contained in Paragraph 59 of the Second Amended Complaint in the manner and form alleged.

60. The School Board denies the allegations contained in Paragraph 60 of Grimm's Second Amended Complaint in the manner and form alleged. The School Board avers that any allegations related to the comments of public attendees to the School Board's meeting are not properly directed to the School Board. The School Board further avers that those comments speak for themselves.

61. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

62. The School Board admits the allegations contained in Paragraph 62 of Grimm's Second Amended Complaint.

63. The School Board admits that after the December 9, 2014 School Board meeting, the principal told Gavin he could not use the boys' restroom; however, the School Board denies

the remaining allegations contained in Paragraph 63 of Grimm's Second Amended Complaint in the manner and form alleged.

64. The School Board denies the allegations contained in Paragraph 64 of Grimm's Second Amended Complaint in the manner and form alleged. The School Board avers that, in a December 9, 2014 Board meeting, it enacted a resolution, which speaks for itself, concerning the use of restroom facilities by all students, including those students that question their gender identities.

65. In response to the allegations contained in Paragraph 65 of the Second Amended Complaint, the School Board admits that it made three single-user restrooms available to all students and that these restrooms included a restroom that had previously been designated for teacher and staff use; however, the School Board denies the remaining allegations contained in that paragraph in the manner and form alleged.

66. The School Board denies the allegations contained in Paragraph 66 of Grimm's Second Amended Complaint in the manner and form alleged.

67. The School Board denies the allegations contained in Paragraph 67 of Grimm's Second Amended Complaint in the manner and form alleged.

68. The School Board denies the allegations contained in Paragraph 68 of Grimm's Second Amended Complaint in the manner and form alleged.

69. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

70. The School Board is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of Second Grimm's Amended Complaint. As such, those allegations are hereby denied.

71. The School Board denies the allegations in Paragraph 71 of Grimm's Second Amended Complaint in the manner and form alleged.

72. The School Board admits that there were no single-user restrooms in the Gloucester High School football stadium; however, the School Board is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 72 of Grimm's Second Amended Complaint, and therefore denies those allegations.

73. The School Board denies the allegations contained in Paragraph 73 of Grimm's Second Amended Complaint in the manner and form alleged. The School Board avers that, in a December 9, 2014 Board meeting, it enacted a resolution concerning the use of restroom facilities by all students, including those students that question their gender identities.

74. The School Board does not possess sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

75. The School Board does not possess sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 of Grimm's Second Amended Complaint.

76. The School Board does not possess sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied. Further, the allegations contained in

Paragraph 76 of Grimm's Second Amended Complaint improperly call for an expert opinion, and the School Board calls for strict proof of those allegations.

77. The School Board, upon information and belief, admits that an Order was entered by the Gloucester County Circuit Court which speaks for itself. The School Board denies the remaining allegations contained in Paragraph 77 of Grimm's Second Amended Complaint in the manner and form alleged.

78. The School Board denies the allegations contained in Paragraph 78 of Grimm's Second Amended Complaint in the manner and form alleged.

79. In response to Paragraph 79 of Grimm's Second Amended Complaint, the School Board admits that Plaintiff's biological sex is female, but denies the remaining allegations contained therein in the manner and form alleged.

80. In response to Paragraph 80 of Grimm's Second Amended Complaint, the School Board admits that in November of 2016, Grimm provided a different Virginia birth certificate listing Grimm's sex as male; however, the School Board denies that the birth certificate was issued in conformity with Virginia law based upon the School Board's understanding of the Code of Virginia and applicable administrative regulations. The School Board admits that Grimm's official school transcript was not altered and is consistent with Grimm's original birth certificate and sex upon enrolling in high school. The School Board denies the remaining allegations contained therein in the manner and form alleged.

81. The School Board is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 of Grimm's Second Amended Complaint. As such, those allegations are hereby denied.

82. The School Board admits that Grimm graduated high school on June 10, 2017. The School Board denies the remaining allegations contained in Paragraph 82 of Grimm's Second Amended Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### Fourteenth Amendment to the United States Constitution

83. Paragraph 83 of Grimm's Second Amended Complaint contains legal conclusions to which no response is required.

84. The School Board denies the allegations contained in Paragraph 84 of Grimm's Second Amended Complaint.

85. The School Board denies the allegations contained in Paragraph 85 of Grimm's Second Amended Complaint.

86. The School Board denies the allegations contained in Paragraph 86 of Grimm's Second Amended Complaint, including all subparts.

87. The School Board denies the allegations contained in Paragraph 87 of Grimm's Second Amended Complaint.

88. The School Board denies the allegations contained in Paragraph 88 of Grimm's Second Amended Complaint.

89. The School Board denies the allegations contained in Paragraph 89 of Grimm's Second Amended Complaint.

90. The School Board denies the allegations contained in Paragraph 90 of Grimm's Second Amended Complaint.

91. The School Board denies the allegations contained in Paragraph 91 of Grimm's Second Amended Complaint.

92. The School Board denies the allegations contained in Paragraph 92 of Grimm's Second Amended Complaint.

## COUNT II

### Title IX of the Education Amendments of 1972
### 20 U.S.C. § 1681 *et seq.*

93. Paragraph 93 of Grimm's Second Amended Complaint contains a quotation of 20 U.S.C. § 1681(a) and does not require a response.

94. The School Board admits the allegations contained in Paragraph 94 of Grimm's Second Amended Complaint.

95. The School Board denies the allegations contained in Paragraph 95 of Grimm's Second Amended Complaint.

96. The School Board denies the allegations contained in Paragraph 96 of Grimm's Second Amended Complaint.

## REQUEST FOR RELIEF

97. The School Board denies any factual allegations contained in the unnumbered paragraph, including all subparts, related to Grimm's request for relief, and further denies that Grimm is entitled to the remaining requested relief or any other relief.

## DEFENSES

98. The School Board denies all allegations contained in Grimm's Second Amended Complaint not specifically admitted herein.

99. The School Board denies any wrongdoing and further denies that it violated Grimm's Constitutional Rights or Title IX (20 U.S.C. § 1681 *et seq.*) in any way.

100. The School Board avers that Grimm's claims are moot and fail for that reason.

101. The School Board avers that the notice requirement of the Spending Clause of the United States Constitution (Art. I, § 8, cl. 1) precludes a finding that the School Board violated Title IX, and Grimm's Title IX claims fail for that reason.

102. The School Board avers that it has an interest in protecting the privacy rights of all of its students, that the resolution adopted during the December 9, 2014 School Board meeting serves this important governmental objective, and that any alleged discriminatory conduct of the School Board is substantially related to achieving that objective. For these reasons, the School Board avers that Grimm's Equal Protection Clause claims fail.

103. The School Board denies that Grimm suffered a compensable injury caused by the School Board.

104. The School Board avers that it acted lawfully and with legal justification at all times referenced in Grimm's Second Amended Complaint.

105. The School Board denies that it is liable to Grimm in the amount claimed or any amount, for the reasons stated or for any other reasons.

106. The School Board reserves the right to amend this Answer at any time, including not limited to, any amendment necessary in the event that evidence becomes available during the course of discovery or at trial that may warrant assertion of a new defense, including affirmative defenses.

WHEREFORE, for the foregoing reasons, Defendant Gloucester County School Board, by counsel, respectfully requests judgment in its favor together with costs expended herein.

**GLOUCESTER COUNTY SCHOOL BOARD**

By Counsel

/s/
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
*Attorneys for Gloucester County School Board*
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 1st day of March, 2019, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

>Claire G. Gastañaga
>American Civil Liberties Union of Virginia Foundation, Inc.
>701 E. Franklin Street, Suite 1412
>Richmond, VA 23219
>804-644-8080 - Phone
>804-649-2733 - Fax
>claire@acluva.org
>
>Joshua A. Block, Esq. (Pro hac vice)
>Leslie Cooper, Esq. (Pro hac vice)
>American Civil Liberties Union
>125 Broad Street, 18th Floor
>New York, NY 10004
>212-549-2627 - Phone
>212-549-2650 – Fax
>jblock@aclu.org
>lcooper@aclu.org
>
>Clare P. Wuerker, Esq.
>VSB 79236
>United States Attorney's Office
>101 West Main Street
>Suite 8000
>Norfolk, VA 23510
>757-441-6331 - Phone
>757-441-6689 – Fax
>Claire.Wuerker@usdoj.gov

Victoria Lill, Esq. (Pro hac vice)
United States Department of Justice
950 Pennsylvania Ave., N.W.
Educational Opportunities Section, PHB
Washington, DC 20530
202-514-4092 - Phone
202-514-8337 - Fax
Victoria.Lill@usdoj.gov


/s/
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
*Attorneys for Gloucester County School Board*
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com