IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

GAVIN GRIMM,

   Plaintiff,

v.                                          Case No. 4:15-cv-54

GLOUCESTER COUNTY SCHOOL
BOARD,

   Defendant.

## BRIEF IN SUPPORT OF MOTION TO STAY

One of the major issues in this case is whether, "[b]y singling [Plaintiff] out and forcing him into separate single-stall facilities because he is transgender," the defendant Gloucester County School Board's ("School Board's") "policy 'excluded [Plaintiff] from participation in,' 'denied [Plaintiff] the benefits of,' and 'subjected [Plaintiff] to discrimination' at school 'on the basis of sex,' in violation of Title IX. 20 U.S.C. § 1681(a)." Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment (ECF No. 185) at 32. *See also*, *e.g.*, Brief in Support of Gloucester County School Board's Motion for Summary Judgment (ECF No. 196) at 12-30. Similarly, this Court has held that the Equal Protection Clause protects Grimm from impermissible sex stereotypes just like Title IX does. ECF Doc. 148 at 27. The United States Supreme Court is currently set to decide these issues.

The United States Supreme Court on April 22, 2019, granted a petition for a writ of certiorari to review the Sixth Circuit Court of Appeals' decision in *Equal Employment Opportunity Commission v. R.G. & G.R. Harris Funeral Homes*, 884 F.3d 560 (6th Cir. 2018). The writ of certiorari is "limited to the following question: Whether Title VII prohibits discrimination against transgender people based on (1) their status as transgender or (2) sex

stereotyping under *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)." *See* Order List, April 22, 2019, at page 2 (https://www.supremecourt.gov/orders/courtorders/042219zor_9olb.pdf).  As such, the Supreme Court's decision will almost certainly impact this case directly.

Title VII and Title IX contain similar language, and "Title VII forbids actions taken on the basis of sex that 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment.'" *Clark County School District v. Breeden*, 532 U.S. 268, 270 (2001), quoting 42 U.S.C. § 2000e-2(a)(1).  It is widely recognized that Title VII and Title IX should be construed *in pari materia* and that Title VII precedents are relevant to construction of Title IX.  *See*, *e.g.*, *G.G. ex rel. Grimm v. Gloucester County School Board*, 822 F.3d 709, 718 (4th Cir. 2016) ("We look to case law interpreting Title VII of the Civil Rights Act of 1964 for guidance in evaluating a claim brought under Title IX."), *vacated and remanded on other grounds*, 137 S.Ct. 1239 (2017); *Jennings v. University of North Carolina*, 482 F.3d 686, 695 (4th Cir. 2007), and cases cited.  Indeed, this Court held that "allegations of gender stereotyping are cognizable Title VII sex discrimination claims and, by extension, cognizable Title IX sex discrimination claims." ECF Doc. 148 at 20.

Given the near identity of the issues in this case under Title IX, to the issues which the Supreme Court granted certiorari to decide in *Harris Funeral Homes* under Title VII, the Supreme Court's decision in *Harris Funeral Homes* is very likely to control resolution of the question whether Title IX's prohibition of discrimination "on the basis of sex" includes "discrimination" based on transgender status or gender identity, in this case.  Therefore, this case should be stayed in the interest of judicial economy and assuring that it will be decided in accordance with controlling law.  *Cf.*, *e.g.*, *Hickey v. Baxter*, No. 87-2028, 1987 WL 39020, at *1 (4th Cir. Nov. 19, 1987) ("Appellant Kevin Hickey appeals an order of the district court staying

2

proceedings pending Supreme Court resolution of relevant issues in *Thompson v. Thompson,* 798 F.2d 1547 (9th Cir. 1986), *cert. granted,* --- U.S. ----, 107 S.Ct. 946, 93 L.Ed.2d 996 (1987)…. We find that the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues. Accordingly, we affirm the order below.").

Grimm's claim under the Equal Protection Clause will similarly be influenced by the Supreme Court's decision in *Harris Funeral Homes.* In its May 22, 2018 ruling denying the School Board's Motion to Dismiss, this Court concluded that discrimination against transgender individuals is subject to heightened scrutiny under the Equal Protection Clause "for at least two reasons." ECF Doc. 148 at 25. "First, transgender individuals constitute at least a quasi-suspect class." *Id.* "Second, intermediate scrutiny is also warranted because" discrimination against transgender individuals "relies on sex stereotypes" and thus amounts to "a sex-based classification." *Id.* at 26. Thus, the Supreme Court's decision in *Harris Funeral Home* concerning discrimination on the basis of transgender status and/or sex stereotyping will likely inform the Equal Protection analysis, which further requires a stay of this matter.

Neither party will be prejudiced by staying the proceedings. This Court has already continued the trial date. Moreover, Grimm seeks only a declaratory judgment, nominal damages, fees, and a permanent injunction requiring the School Board to update his transcript to match the male gender marker on his birth certificate. The interests of all parties and the Court in assuring this case will be correctly decided outweigh any possible prejudice to any party resulting from a stay.

Counsel for the School Board have conferred with Plaintiff's counsel, and Plaintiff opposes this Motion.

WHEREFORE, defendant Gloucester County School Board respectfully requests that this Court grant its Motion and stay further proceedings and reserve judgment on the parties' Motions for Summary Judgment pending the *Harris Funeral Homes* decision.[1]

**GLOUCESTER COUNTY SCHOOL BOARD**

By Counsel

/s/
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
Attorneys for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com

---

[1] Supplemental briefing on the Motions for Summary Judgment will likely be required to address the Supreme Court's final decision in *Harris Funeral Homes*.

# **C E R T I F I C A T E**

I hereby certify that on the 24th day of May, 2019, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send a Notice of Electronic Filing to all counsel of record.

/s/
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
Attorneys for Gloucester County School Board
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com