UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| GAVIN GRIMM,<br><br>               Plaintiff,<br><br>v.<br><br>GLOUCESTER COUNTY SCHOOL BOARD,<br><br>               Defendant. | Civil No. 4:15cv54 |

## ORDER

This matter comes before the Court on a Motion to Stay filed by Defendant Gloucester County School Board ("the Board"). ECF No. 221. For the following reasons, that Motion is **DENIED**.

On April 22, 2019, the United States Supreme Court granted a petition for a writ of certiorari to review a decision from the United States Court of Appeals for the Sixth Circuit in *Equal Employment Opportunity Commission v. R.G. & G.R. Harris Funeral Homes*, 884 F.3d 560 (6th Cir. 2018). The question presented in *Harris Funeral Homes* is whether Title VII of the Civil Rights Act of 1964[1] prohibits discrimination against transgender people based on their status as transgender or based on sex stereotyping under *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

The Board moves to stay this case pending the Supreme Court's decision in *Harris Funeral Homes*. Plaintiff Gavin Grimm opposes the Board's Motion.

---

[1] Title VII precedents are relevant to construction of Title IX. *See G.G. ex rel. Grimm v. Gloucester County School Board*, 822 F.3d 709, 718 (4th Cir. 2016) ("We look to case law interpreting Title VII of the Civil Rights Act of 1964 for guidance in evaluating a claim brought under Title IX.").

1

"The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

When deciding a motion to stay, the Court considers three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and, (3) potential prejudice to the non-moving party." *Hooker v. Sirius XM Radio, Inc.*, No. 4:12cv3, 2015 WL 10937407, at *2 (E.D. Va. Sept. 25, 2015) (quoting *Buzzell v. JP Morgan Chase Bank*, No. 3:13cv668, 2015 WL 5254768, at *2 (E.D. Va. Sept. 9, 2015)).

The Board argues that a stay would conserve judicial resources because the Supreme Court's ruling in *Harris Funeral Home* could impact this Court's consideration of Mr. Grimm's claims. The legal question in this case most directly impacted by the Supreme Court's decision in *Harris Funeral Homes* is whether Mr. Grimm has stated a claim for discrimination under Title IX. This Court has already expended judicial resources in resolving this issue during the evaluation of the Board's previous motion to dismiss. ECF No. 148 at 12–23.

Moreover, the *Harris Funeral Homes* decision is likely to have minimal or no impact on Mr. Grimm's Equal Protection claims. This Court has ruled on the relevant legal issues. All that is left is to apply the undisputed facts to these legal conclusions. Any benefits to judicial resources from a stay are minimal.

The Court is mindful of not wasting the parties' resources. The parties have completed discovery and have fully briefed their motions for summary judgment. In light of the late stage of this litigation, and the resources already expended by the parties, any value in granting the stay is diminished. *See Haysbert v. Navients Sols., Inc.*, No. CV 15-4144 PSG (EX), 2016 WL 890297, at *5 (C.D. Cal. Mar. 8, 2016) (denying stay where "discovery [was] closed and all summary judgment motions ha[d] been fully briefed"). The benefit, if any, to judicial resources that could be achieved by a stay is outweighed in the balancing of the hardships to the parties.

The Court finds no hardship to the Board if the litigation is not stayed. The Board cites no "hardship," but emphasizes an interest in the case being decided correctly. Mr. Grimm seeks the same relief under both his Title IX and his Equal Protection claims. Any harm to the Board would be the same whether the Court grants relief to Mr. Grimm on his Title IX claims or on his Equal Protection claims. Even if the Court erred in awarding nominal damages and directing the Board to issue Mr. Grimm an updated school transcript, and this directive were subsequently reversed, any hardship to the Board would be minimal.

By contrast, Mr. Grimm alleges ongoing harm. He asserts that he suffers harm every time that he presents a transcript that reflects a different gender than represented on his updated birth certificate. The Board responds that Mr. Grimm has not presented substantive evidence that he has applied to college or that using his current transcript impacts him. This Court disagrees. To the contrary, Mr. Grimm has made a declaration under oath that using a transcript identifying him as "female" is "humiliating" and "negates [his] male identity and marks [him] as different from other boys."[2] Gavin Grimm Decl. ¶ 69.

---

[2] Contrary to the Board's assertions, this Court rejects the speculation that Mr. Grimm's speaking engagements cast doubt on his allegations of harm.

3

Moreover, the Supreme Court has not yet scheduled oral argument for *Harris Funeral Homes*. A stay in this case could delay resolution for a year or more. It is likely that Mr. Grimm will apply to college or employers in that time. Such a long stay is unwarranted. *See White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 463 (S.D.W. Va. 2013) (denying motion to stay where the plaintiffs would "suffer a delay of potentially over a year while the case is stayed pending the Supreme Court's decision"); *Sehler v. Prospect Mortg., LLC*, No. 1:13cv473, 2013 WL 5184216, at *3 (E.D. Va. Sept. 16, 2013) (finding that a delay of four to six months was "longer than that found appropriate by [other] courts").

The Board has failed to show that a stay is justified by clear and convincing circumstances outweighing any potential harm to Mr. Grimm. Defendant's Motion to Stay, ECF No. 221, is **DENIED**.

The Clerk is requested to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Arenda L. Wright Allen
United States District Judge

June 21st, 2019
Norfolk, Virginia